UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN REBAR CONSULTING, INC. dba WESTERN INDUSTRIES, INC., et al., <br><br> Defendants. | CASE NO. C20-1652 RSM <br><br> ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

## I.   INTRODUCTION

This matter is before the Court on a Motion for Entry of Default Judgment Against Defendant Western Rebar Consulting, Inc. dba Western Industries, Inc. Dkt. #16. Having previously been granted an order of default against Defendant Western Rebar Consulting, Inc. dba Western Industries, Inc. ("Defendant Western"), Plaintiff D.C.B. Industries, Inc. dba Bowers Steel ("Plaintiff Bowers") now seeks entry of a judgment in the amount of $25,489.19. *Id.* Having considered the motion and the remainder of the record, the Court grants the motion.

## II.   BACKGROUND

Plaintiff Bowers supplied steel materials and supplies for a U.S. Army Corp of Engineers construction project carried out by Defendant Kiewit Infrastructure West Co. ("Defendant

ORDER – 1

Kiewit"), the prime contractor.[1]  Dkt. #1 at ¶¶ 1, 9.  Pursuant to the applicable contract Defendant Kiewit, as principle, and Defendant Travelers Casualty and Surety Company of America ("Defendant Travelers"), as surety, presented a payment bond[2] to the Army Corp of Engineers. *Id.* at ¶ 10.  Defendant Western served as Defendant Kiewit's subcontractor on the project and Plaintiff Bowers "sold, delivered, and furnished steel materials and supplies (the "Materials")" to Defendant Western for use on the construction project.  *Id.* at ¶ 13.  Defendant Western failed to pay invoices presented by Plaintiff Bowers, resulting in an unpaid balance of $194,550.23.  *Id.* at ¶ 14.  Plaintiff Bowers therefore made a claim on the payment bond but was not paid either by Defendant Kiewit or Defendant Travelers prior to filing this action.  *Id.* at ¶ 18.

Plaintiff Bowers initiated this action seeking payment of the unpaid balance and accumulated interest.  *Id.* at ¶ 19.  Plaintiff Bowers proceeds on claims for non-payment under the payment bond, breach of contract, account stated, quantum meruit, and unjust enrichment. *Id.* at ¶¶ 12–42.  All three Defendants were served on November 13, 2020.  Dkts. ##9–11. Defendants Kiewit and Travelers have appeared in this action.  Dkt. #8.  Defendant Western has not appeared and on December 9, 2020, the Clerk of Court entered an order finding Defendant Western in default.  Dkt. #15.

Prior to filing its motion, Plaintiff Bowers settled with Defendants Kiewit and Travelers for the unpaid balances for the Materials.  Dkt. #16 at 3.  As such, Plaintiff Bowers has dismissed Defendants Kiewit and Travelers.  Dkt. #18.  Plaintiff Bowers seeks default judgment against Defendant Western for interest accumulated between the date on which each invoice became due and the date on which Defendants Kiewit and Travelers satisfied the principal sums.

---

[1] Plaintiff Bowers identifies the applicable contract as Contract No. W912DW18R0001, for the Mud Mountain Dam Modifications/Fish Passage Facility project.  Dkt. #1 at ¶ 9.

[2] Plaintiff Bowers identifies the applicable payment bond as Bond No. 041-SB-106867969.

ORDER – 2

### III. DISCUSSION

#### A. Jurisdiction

The Court has authority to enter a default judgment against Defendant Western based on the Court's order prior order (Dkt. #15) granting Plaintiff Bowers' motion for default (Dkt. #13) and pursuant to Federal Rule of Civil Procedure 55 and Local Civil Rule 55. The Court has subject matter jurisdiction over Plaintiff Bowers' claims on the basis of a federal question. *See* 28 U.S.C. § 1331; 40 U.S.C. § 3133(b)(2); 28 U.S.C. § 1367(a). The Court has personal jurisdiction over Defendant Western as it is a Washington corporation and because this case arises from construction activities Defendant Western performed in Washington. *See* Dkt. #1.

#### B. Legal Standard for Default Judgment

Prior to entering default judgment, district courts must determine whether the well-pleaded allegations of a plaintiff's complaint establish a defendant's liability. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In making this determination, courts must accept the well-pleaded allegations of a complaint, except those related to damage amounts, as established fact. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). If those facts establish liability the court may, but has no obligation to, enter a default judgment against a defendant. *Alan Neuman Prods. Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) ("Clearly, the decision to enter a default judgment is discretionary."). Plaintiff must provide the court with evidence to establish the propriety of the damages sought. *Televideo*, 826 F.2d at 917–18.

#### C. Liability

Here, Plaintiff Bowers seeks default judgment on breach of contract, account stated, and unjust enrichment/quantum meruit claims. The Court finds that, on the whole, Plaintiff Bowers establishes Defendant Western's liability.

1   To establish Defendant Western's liability for breach of contract, Plaintiff Bowers must establish the existence of a contractual duty, (2) defendant's breach of that duty, and that (3) defendant's breach damaged plaintiff. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712, 899 P.2d 6 (1995). Plaintiff Bowers alleges that Defendant Western agreed to pay for materials delivered within thirty days of invoice, that Plaintiff Bowers delivered the Materials and invoiced Defendant Western, and that Defendant Western did not pay those invoices within thirty days, as required by their agreement. Dkt. #1 at ¶¶ 24–30. Plaintiff Bowers further alleges that the parties agreed that amounts outstanding thirty days after invoicing would accrue interest at the statutory rate of 12% per annum. *Id.* at ¶¶ 25, 28. Taken as true, these allegations establish Plaintiff Bowers' entitlement to prejudgment interest on the amounts invoiced under the parties' agreement.[3]

To establish Defendant Western's liability under the legal doctrine of account stated, Plaintiff Bowers must establish "some form of assent to the account, that is, a definite acknowledgement of an indebtedness in a certain sum." *Sunnyside Valley Irr. Dist. v. Roza Irr. Dist.*, 124 Wash. 2d 312, 315, 877 P.2d 1283, 1284–85 (1994) (citation omitted). Here, Plaintiff Bowers establishes Defendant Western's liability by alleging that it delivered the Materials to Defendant Western, invoiced Defendant Western for the full price of those materials and the rate at which interest would accrue on unpaid invoices, and ultimately stated the amount Defendant Western owed it. Dkt. #1 at ¶¶ 32–34. Despite Plaintiff Bowers stating the account, Defendant

---

[3] Having concluded that Defendant Western is liable for breach of contract, the Court does not need to address Plaintiff Bowers' quasi-contractual claims. *See Young v. Young,* 164 Wash.2d 477, 484–485, 191 P.3d 1258 (Wash. 2008) ("Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it" and quantum meruit "is the method of recovering the reasonable value of services provided under a contract implied in fact.").

ORDER – 4

Western never paid the sum nor contested the account stated. *See Sunnyside Valley Irr. Dist.*, 124 Wash. 2d 312, 316, 318, 877 P.2d 1285–1286 (assent can be implied from lack of objection).

### D. *Eitel* Factors

Having determined Defendant Western's liability, the Court considers whether to exercise its discretion to enter default judgment. In making this determination, many courts find it helpful to consider the following factors set forth in *Eitel*:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

With only cursory consideration of the *Eitel* factors, the Court finds it clear that most of the factors weigh in favor of the entry of default judgment against Defendant Western. *See also* Dkt. #16 at 4. Plaintiff Bowers would be prejudiced should the Court refuse to enter default judgment. Plaintiff Bowers' claims appear strong and from the simplicity of the facts involved, material factual disputes appear unlikely. While it would be preferable to resolve the matter on the merits, Plaintiff should not be prejudiced by Defendant Western's failure to appear and defend itself. Accordingly, the Court grants default judgment.

### E. Damages

The Court has determined that Defendant Western is liable for the amounts invoiced by Plaintiff Bowers and accumulated interest. As noted, the interest accrued on invoiced amounts that were unpaid after thirty days at a rate of 12% per annum. Defendants Kiewit and Travelers settled the principal amounts of the invoices on December 17, 2020, leaving only interest

ORDER – 5

accumulated prior to that date.[4]  Dkt. #16 at 3; Dkt. #17 at ¶ 4.  Plaintiff Bowers sets forth the relevant calculations as an exhibit to the declaration of Andrea R. Meyer.  See Dkt. #17, Exhibit 1 (p. 3).  Plaintiff demonstrates that the total accrued interest is $25,489.19.  *Id.*

## IV.      CONCLUSION

Accordingly, and having reviewed Plaintiff's motion, the declarations and exhibits submitted in support, and the remainder of the record, the Court finds and ORDERS:

1. Plaintiff's Motion for Entry of Default Judgment Against Defendant Western Rebar Consulting, Inc. dba Western Industries, Inc. (Dkt. #16) is GRANTED.

2. The Clerk shall enter judgment in favor of Plaintiff D.C.B. Industries, Inc. dba Bowers Steel and against Western Rebar Consulting, Inc. dba Western Industries, Inc. in the amount of $25,489.19.

Dated this 20th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff Bowers indicates that the settlement agreements specifically excluded settlement of accrued prejudgment interest.  Dkt. #16 at 3, 6 n.1.

ORDER – 6